## A. B. DICK CO. v. ROPER.

(Circuit Court, D. Rhode Island. December 28, 1903.)

### No. 2,642.

**1 PATENTS—PRELIMINARY INJUNCTION—PROOF OF CONTRIBUTORY INFRINGEMENT.**

Proof that defendant sold supplies for use on a patented machine bearing a label stating that it was sold subject to a license restriction that it could be used only with supplies made by complainant does not establish infringement or threatened infringement, so as to entitle complainant to a preliminary injunction, where it is not shown that the machine was in fact in the hands of a user under such restricted license.

In Equity. Suit for infringement of patents. On motion for preliminary injunction.

Samuel Owen Edmonds, for complainant.
Robert W. Burbank, for defendant.

BROWN, District Judge. This is a petition for a preliminary injunction. The complainant alleges that it is the owner of patents upon a duplicating or copying machine known as the "Oscillating Mimeograph." The bill alleges that these machines are placed in the hands of users under limited licenses, and that notice of the license restriction appears upon a label affixed to each machine. The notice is as follows:

"This machine is sold by the A. B. Dick Co. with the license restriction that it can be used only with stencil, ink, and other supplies made by A. B. Dick Co., Chicago."

It has been proved that the defendant sold ink for use upon an oscillating mimeograph bearing this label, and under circumstances sufficient to lead him to suppose that the machine was in fact in the hands of a user under a restricted license forbidding the use of such ink. In the case of Broderick Copygraph Co. of New Jersey and Neostyle Company v. Charles H. Roper (decided in this court May 11, 1903) 124 Fed. 1019, an injunction was granted upon the authority of the fol-

¶ 1. Contributory infringement of patent, see note to Edison Electric Light Co. v. Peninsular Light, Power & Heat Co., 43 C. C. A. 485.

lowing cases: Heaton Peninsular Button Fastener Co. v. Eureka Specialty Co., 77 Fed. 288, 25 C. C. A. 267, 35 L. R. A. 728; Cortelyou v. Lowe, 111 Fed. 1005, 49 C. C. A. 671; Tubular Rivet & Steel Co. v. O'Brien (C. C.) 93 Fed. 200; Victor Talking Machine Co. v. The Fair (decision of the Circuit Court of Appeals for the Seventh Circuit, January Session, 1903) 123 Fed. 424; Bement v. National Harrow Co., 186 U. S. 70, 90, 22 Sup. Ct. 747, 46 L. Ed. 1058. In the Broderick Company Case, however, it was taken as proved that actual licenses had been issued, and that sales of ink had been made to licensees with full knowledge, on the part of the defendant, of the licenses. There was also evidence of inducement to violate the licenses. The facts were such as to bring the case fully within the doctrine of the authorities cited. In the present case, however, I am of the opinion that there is no sufficient proof that the oscillating mimeograph referred to in the affidavits had been actually licensed by the A. B. Dick Company. This insufficiency of proof was called to the attention of counsel at the hearing, but no attempt was made to supply further proof of this most essential fact. It is not necessary to determine whether the defendant's affidavits are sufficient to show that the oscillating mimeograph in question had not been licensed, but was merely placed in the hands of agents of the complainant for the purpose of procuring a sale of ink. The proven fact in this case is simply that a machine bearing this label was in the hands of certain persons, and that the defendant sold ink to be used on that machine. As the existence of an actual license is necessary in order to bring the defendant within this peculiar doctrine of contributory infringement, it must be held that there is no sufficient proof of any actual infringement. The complainant argues, however, that, even if an actual infringement be not proved, nevertheless the facts are such as to afford evidence of threats to infringe. I cannot agree to this view. The circumstances show that the sale was not solicited by Roper, but that he was solicited to make the sale. He expressly denies having made sales of ink for use on any other oscillating mimeograph. While it appears that Roper asked one of the witnesses for the names of any persons or concerns using duplicating ink, in order that he might solicit them to buy ink, yet, as the use of duplicating ink is not confined to oscillating mimeographs, this request is altogether too uncertain evidence of any intent on the defendant's part to solicit or induce users of that machine to violate license restrictions. The utmost that can be said in favor of the complainant is that it has proved that Roper, upon request, was willing to sell ink for use upon a particular machine, and that, if it had been licensed, he would have been willing to violate the license. This is neither proof of infringement nor of a threat to infringe. While it is quite true that a patentee is justified in inducing sales in order to secure evidence to stop infringers, yet cases to this effect afford no support to the present petition, since in such cases there is proof of an actual violation of a legal right, while in the present case there is only proof that, if the complainant had had a legal right, the defendant probably would have violated it. This is insufficient to move a court of equity to affirmative action.

Petition denied.